# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ZIMMER DUROM HIP CUP PRODUCTS LIABILITY LITIGATION | Master Docket No. 09-4414(SDW)(MCA)<br>MDL No. 2158<br><br>This Document Relates To All Cases |

## CASE MANAGEMENT ORDER NO. 1

WHEREAS, the Judicial Panel on Multidistrict Litigation ("the Panel") has transferred certain product liability actions relating to a medical device, the Zimmer Durom Acetabular Component ("Durom Cup"), to this Court for coordinated pretrial proceedings; and

WHEREAS, the number and complexity of these actions warranted holding a single, coordinated initial case management conference for all actions in *In Re: Zimmer Durom Hip Cup Products Liability Litigation*, MDL No. 2158; and

WHEREAS, the Court held an initial conference on September 15, 2010; and

Good cause appearing for the reasons set forth at the conference,

IT IS THIS _23_ day of September, 2010,

ORDERED as follows:

## I.   SCOPE OF ORDERS

1. This Order shall govern the practice and procedure in those actions transferred to this Court by the Panel pursuant to its Transfer Order of June 9, 2010, any "tag-along" actions transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto.

2. This Order and all subsequent Case Management Orders shall be binding on all parties and their counsel in all cases currently pending in or subsequently centralized with *In Re:*

*Zimmer Durom Hip Cup Products Liability Litigation* and shall govern each case in the proceedings unless they explicitly state that they relate to specific cases.

## II.   CASES BEFORE THIS COURT

3.   The Court will be guided by the *Manual for Complex Litigation, Fourth* ("*MCL 4th*") (2004 ed.), as well as by the Local Civil Rules of Court for the United States District Court for the District of New Jersey ("the Local Civil Rules"). Counsel are directed to familiarize themselves with the *MCL 4th*, this Order, and the Local Civil Rules.

4.   The inclusion of any action in *In Re: Zimmer Durom Hip Cup Products Liability Litigation*, whether such action was or will be filed originally or directly in the United States District Court for the District of New Jersey, or was or will be transferred or removed from some other court, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District. No reference in this Order to actions filed originally or directly in the United States District Court for the District of New Jersey shall constitute a waiver of any defendant's contention that jurisdiction or venue is improper and/or that the action should be dismissed or transferred, or any plaintiff's contention that jurisdiction or venue is proper.

5.   The Court requests the assistance of all counsel in calling to the attention of the Clerk of this Court the filing, removal, or transfer of any case of which they become aware and which might properly be consolidated with *In Re: Zimmer Durom Hip Cup Products Liability Litigation*.

6.   The civil actions centralized in *In Re: Zimmer Durom Hip Cup Products Liability Litigation* are consolidated for pretrial purposes. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

7. Any "tag-along" actions later filed in, removed to or transferred to this Court will automatically be consolidated with this action without the necessity of future motions or orders. When the Clerk becomes aware of a case involving common questions of fact with actions previously consolidated in *In Re: Zimmer Durom Hip Cup Products Liability Litigation*, the Clerk is directed to follow the docketing procedures in section VI, below.

### III. EXTENSION OF TIME AND STAY

8. Defendants are granted an extension of time for responding by motion or answer to the complaints until further order of this Court. Pending further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated except as otherwise set forth herein.

9. No motion may be filed without leave of the Court.

### IV. MASTER DOCKET FILE

10. The Clerk of Court will maintain a master docket case file under the style "*In Re: Zimmer Durom Hip Cup Products Liability Litigation*" and under Master Docket No. 09-4414(SDW)(MCA). When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all actions, the short caption and this Court's docket number for each individual case to which the document relates shall appear immediately after the words "This Document Relates to."

### V. FILING

11. All attorneys of record for the plaintiffs and all Defendants' Liaison Counsel, as designated below, are obligated to become an ECF User and be assigned a user ID and password for access to the Court's ECF system. If she or he has not already done so, counsel shall register

forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's Web site at www.njd.uscourts.gov.

12. The requirement that an attorney participate in an in-person ECF training is waived. In lieu of the in-person training, counsel are required to enclose an affidavit with their application for ECF registration attesting that they have completed one of the three electronic learning modules found at http://www.njd.uscourts.gov/cmecfTutorials.html.

13. All documents shall be e-filed under the 09-4414 docket number. Documents that pertain to one or only some of the pending actions shall also be e-filed in the individual case(s) to which the document pertains. If they have not already done so, all plaintiffs' counsel of record in any case currently pending in or subsequently centralized with *In Re: Zimmer Durom Hip Cup Products Liability Litigation* and Defendants' Liaison Counsel shall file a Notice of Appearance in Civil Action No. 09-4414 to ensure that they receive all notices and orders from the Court and all pleadings filed in the coordinated actions.

## VI. DOCKETING OF NEW CASES

14. When an action that properly belongs as part of *In Re: Zimmer Durom Hip Cup Products Liability Litigation* is filed after the date of this Order in the District of New Jersey or transferred here from another court, the Clerk of this Court shall:

    a. File a copy of this Order in the separate file for such action;

    b. Make an appropriate entry on the master docket sheet;

    c. Associate the individual case docket with the master docket;

    d. Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order; and

    e. Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

## VII. APPEARANCES

15. Attorneys appearing in *In Re: Zimmer Durom Hip Cup Products Liability Litigation* and admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation; and the requirements of District of New Jersey Local Rule 101.1(c) are waived. Association of local counsel is not required. Attorneys admitted *pro hac vice* are reminded that they are subject to the New Jersey Rules of Professional Conduct and the disciplinary jurisdiction of this Court.

## VIII. REMAND STIPULATIONS

16. In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

## IX. PRESERVATION OF EVIDENCE

17. All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data and tangible things in the possession, custody and control of the parties to this action, and any employees or agents. "Documents, data and tangible things" shall be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material.

Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties, including employees of corporate or institutional parties, of their obligations.

## X. FILING OF DISCOVERY REQUESTS

18. In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Court, except to the extent needed in connection with a motion.

## XI. COMMUNICATION AMONG PLAINTIFFS AND AMONG DEFENDANTS

19. The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff to seek evidence otherwise protected from disclosure on the basis that it was shared among cooperating parties. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

## XII.    ORGANIZATION OF PLAINTIFFS' COUNSEL

20.    The Court designates James Cecchi, Christopher A. Seeger and Wendy R. Fleishman as Plaintiffs' Liaison Counsel. The Court may amend or expand the Plaintiffs' Liaison Counsel upon request from plaintiffs, or on its own motion, if and as circumstances warrant.

21.    Liaison Counsel designations are of a personal nature. Accordingly, this Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace them, on their own request or this Court's own motion, should they become unable to do so.

22.    The expenses incurred in performing the services of liaison counsel shall be shared equally by all plaintiffs' counsel in a manner agreeable to the parties or set by the Court failing such agreement.

23.    Plaintiffs' Liaison Counsel is vested by the Court with the following duties and responsibilities:

    a.    Receive orders and notices from the Court on behalf of all parties and prepare and transmit copies of such orders and notices to the parties in their liaison group;

    b.    Receive orders and notices from the Panel pursuant to Rule 5.2(e) of the Panel's Rules of Procedure or from the transferee courts on behalf of all parties in their liaison group and prepare and transmit copies of such orders and notices to the parties in their liaison group;

    c.    Schedule meetings with all plaintiffs' counsel and keep minutes or transcripts of these meetings;

d.  Recommend counsel to serve on a Plaintiffs' Steering Committee ("PSC") of no more than five (5) attorneys;

e.  Appear at periodic Court-noticed status conferences and hearings;

f.  Sign and file pleadings relating to all actions;

g.  Bind the plaintiffs in scheduling depositions, setting agendas, entering into stipulations, and in other necessary interactions with defense counsel;

h.  Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;

i.  Maintain in conjunction with their accountant records of receipts and disbursements advanced by members of the PSC and received by the PSC and report in writing to the PSC concerning disbursements and receipts;

j.  Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel;

k.  Coordinate discovery in *In Re: Zimmer Durom Hip Cup Products Liability Litigation*, to the fullest extent practicable with related litigation proceeding in state court;

l.  Coordinate and consult with plaintiffs' counsel in state court to ensure that plaintiffs in both federal and state court have access to a common document depository;

m.  Coordinate with plaintiffs' counsel in state court where practical to avoid duplicative depositions or other inefficient discovery; and

n.  Provide periodic reports to this Court regarding the status of related litigation proceeding in state court.

24. Plaintiffs' Liaison Counsel shall perform other necessary administrative and logistic functions of the PSC and carry out any other duty as the Court may order.

25. It is intended and expected by this Order that, as to all matters common to the coordinated cases, pretrial proceedings shall be conducted by and through Plaintiffs' Liaison Counsel.

### XIII. ORGANIZATION OF DEFENSE COUNSEL

26. The Court designates John Joseph Tanner, Andrew Campbell, and John Schlafer of Baker & Daniels LLP and Edward Fanning and Zane Riester of McCarter & English LLP as Defendants' Liaison Counsel. The Court may amend or expand the Defendants' Liaison Counsel upon request from defendants, or on its own motion, if and as circumstances warrant.

27. Liaison Counsel designations are of a personal nature. Accordingly, this Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace them, on their own request or this Court's own motion, should they become unable to do so.

28. As all defendants in all actions currently and likely to be consolidated in *In Re: Zimmer Durom Hip Cup Products Liability Litigation* are represented by the Defendants' Liaison Counsel, Defendants Liaison Counsel have full authority in all matters related to the representation of their clients in this matter.

### XIV. FILING AND SERVICE; MOTION PRACTICE

29. Until further Order of this Court, the parties shall serve all papers that are not to be filed with the Court pursuant to Federal Rule of Civil Procedure 5(d), including but not limited to any disclosures under Rule 26, deposition notices, interrogatories, requests for

documents, requests for admission, responses thereto, and certificates of service thereof, by electronic mail on Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel.

30. Where a paper is applicable to all cases, substantially all cases, or such categories as may be defined in subsequent Orders, Plaintiffs' Liaison Counsel shall also electronically serve such paper on counsel of record for individual plaintiff(s) to whom the paper is applicable.

31. Where a paper to be served by the defendants is applicable to a particular case, Defendants' Liaison Counsel shall electronically serve such paper on the counsel of record for the individual plaintiff(s) in that case as well as Plaintiffs' Liaison Counsel.

32. Defendants' Liaison Counsel shall distribute any papers filed in these proceedings to such counsel as they deem necessary and appropriate.

33. The parties shall further meet and confer to identify an electronic method for serving and archiving papers that are not to be filed with the Court, such as the service offered by Lexis-Nexis or comparable electronic service provider, which shall be the subject of a further Order by this Court.

34. No pleadings or other papers shall be filed or discovery conducted concerning liability on behalf of all plaintiffs except as prepared on behalf of and signed by the Plaintiffs' Liaison Counsel, or their designees.

## XV. SETTLEMENT PERIOD

35. The plaintiffs will produce to Defendants' Liaison Counsel, on a rolling basis, the following records for each Plaintiff (the "Necessary Records"). Plaintiffs shall make their best efforts to produce all Necessary Records on or before October 15, 2010:

> a. Medical records from the surgeon(s) and the hospital(s) for both the original implant surgery and any revision surgeries, including all treatment notes

from the surgeon(s) and interim care records for the period between the surgeries and after any revision surgeries;

b.    X-rays taken during and between the implant and revision surgeries for those plaintiffs who have had a revision surgery and x-rays taken during and after the implant surgery to the present for plaintiffs who have not had a revision surgery, preferably in digital format on CD so as to save time and cost for all parties;

c.    The first x-rays taken after any revision surgeries;

d.    Physical therapy records from therapy following both the original implant surgery and any revision surgeries;

e.    High resolution, well-focused, digital photographs of the explanted components or the explanted Durom Cups, which will be subject to a non-destructive inspection, if access to the explanted components is available;

f.    All employment records necessary to prove a claim of a loss of income;

g.    All medical records, including any radiology records, from treating physicians and hospitals relevant to the analysis of any collateral injuries claimed to have been caused by the alleged failure of a Durom Cup; and

h.    All psychiatry and psychotherapy records relevant to the analysis of any mental or emotional injury claimed to be caused by the alleged failure of a Durom Cup.

36.    Once the defendants receive all Necessary Records for an individual Plaintiff, the defendants shall have 30 days, or until November 15, 2010, whichever is later, to review the records in preparation for mediation.

37. The parties shall schedule a mediation to occur as soon as practicable after defendants' receipt of all Necessary Records from an individual Plaintiff, beginning November 15, 2010.

38. By October 15, 2010, if a Discovery Confidentiality Order has been entered, or within 3 days of the entry of a Discovery Confidentiality Order after October 15, 2010, Zimmer, Inc. ("Zimmer"), will produce to Plaintiffs' Liaison Counsel the following records:

   a. Zimmer's Durom Investigation Documentation Binder;

   b. Zimmer's 501(k) premarket notification submission to the FDA concerning the Durom Acetabular Component;

   c. The Design History File for the Durom Acetabular Component with the U.S. coating;

   d. Zimmer's internal review of the Design History File for the Durom Acetabular Component with the U.S. coating, conducted in 2008; and

   e. Any medical records specific to individual Plaintiffs Zimmer currently has in its possession, which will be produced to counsel for each individual Plaintiff.

39. The parties shall make the necessary efforts to ensure that a Discovery Confidentiality Order complying with Local Civil Rule 5.3 is entered by the Court prior to October 15, 2010.

## XVI. STATUS CONFERENCES AND AGENDAS

40. This Court will convene periodic Status Conferences on the request of Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel or on its own motion, with Liaison Counsel to give notice of such scheduled Status Conferences to their liaison groups. In order to aid the Court and the parties in preparing for future conferences, no later than three court days prior to the scheduled conference, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall file

a joint status letter with the Court via ECF advising the Court of the then-present status of the matter and identifying any issues that the parties request the Court to address at the upcoming Status Conference.

## XVII. NEXT STATUS CONFERENCE

41. Prior to the next Status Conference, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall meet and confer on the following topics:

    a. Any case management order(s) pertaining to the initial phase of discovery, including the coordination of discovery between these coordinated proceedings and actions pending in state courts;

    b. Any case management order(s) pertaining to the settlement process;

    c. Plan for mediations; and

    d. A direct filing order.

42. Three court days prior to the Status Conference, Plaintiffs' Liaison Counsel shall also submit a proposal for maintaining time records of Plaintiffs' counsel. The proposal may be incorporated into a proposed Case Management Order.

43. The next Status Conference is scheduled for November 3, 2010, at 2:00 p.m. At least one member of Defendants' Liaison Counsel and Plaintiffs' Liaison Counsel are to attend the conference in person unless notice is given to the Court three court days prior to the conference that the parties agree to a telephone conference. Prior to the conference, Plaintiffs' Liaison Counsel shall work with the Court's Deputy Clerk, on setting up a telephone "call in" number so that any counsel not appearing in person may participate in the Status Conference by telephone.

_____
MADELINE COX ARLEO, U.S.M.J.